ORIGINAL

FILED
NOV 8 - 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| World Fuel Services Singapore (PTE) Ltd., A Singapore Corporation, Plaintiff, | No. 06-755 C |
| v. | Judge ______ |
| THE UNITED STATES OF AMERICA, Defendant. | |

COMPLAINT

World Fuel Services Singapore (PTE) Ltd., a Singapore corporation (herein, "WFS")), pursuant to United States Court of Federal Claims Rule 4 complains against the United States and alleges as follows:

**Jurisdiction**

1. This is an action for relief under the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq. and the Tucker Act, 28 U.S.C. § 1491.

2. This action appeals the Contracting Officer's November 9, 2005 final decision which denied WFS' claims for destruction of equipment, as set out below, and is timely filed within 12 months of that final decision.

**Facts**

3. In 2005, the United States Department of Defense, Defense Logistics Agency, Defense Energy Support Center ("DESC"), awarded to WFS a contract ("Contract") to provide fuel for United States and coalition forces located in and around Kandahar, Afghanistan.

4. The Contract provided, inter alia, that the United States would decide when and

where WFS would deliver the fuel.

5. Shortly before or at the time that WFS delivered the fuel at Kandahar, terrorists or insurgents attacked the trucks which WFS utilized to provide the fuel, causing the loss of fuel, the trucks, and loss of life of personnel delivering the fuel.

6. As a result, WFS sustained significant loss, including the value of the trucks and also the fuel that the trucks carried.

7. WFS later learned, subsequently confirmed by DESC correspondence, that terminal construction at Kandahar, known to DESC, had shut down the facility's ability to receive fuel for a period of time. A failure by U.S. military personnel at Kandahar to communicate this event to DESC caused DESC to continue ordering the normal quantities during the time when the terminal could not take fuel. This caused a conspicuous gathering of loaded of trucks outside of the Kandahar facility. With no military protection, this grouping was inevitably attacked by the Taliban terrorists or Afghanistan insurgents, causing driver deaths and truck damage.

8. This causation chain took the claim for damages outside the normal scope of the contract's Risk of Loss provisions, in so far as the attacks were caused by the United States' own negligence in continuing to order fuel for a terminal that was out of operation. The United States therefore must pay WFS for the damages that WFS sustained, as set out below.

9. In 2005, WFS properly presented the United States, by DESC, with a claim for loss of fuel and truck damages related to a Taliban attack against a group of trucks that were gathered while waiting to deliver fuel in Kandahar. On November 9, 2005, the Contracting Officer, Debra Simpson-Mayeux, issued a Contracting Officer's final decision compensating

WFS for the lost fuel but denying any liability for the $391,167.00 in truck damages. This denial was based on the Risk of Loss clause in the contract. (**Exhibit A** attached) WFS received this final decision some time after November 9, 2005.

**COUNT ONE (Breach of Contract)**

10. WFS repeats and realleges the foregoing paragraphs.

11. Under the Contract, an implied term was that the United States was to provide suitable terminal facilities to timely receive the fuel provided by WFS, and not to delay WFS' ability to deliver the fuel in such a way to put WFS at an undue and likely risk of loss. The United States also had the implied contractual obligation of good faith and fair dealing, including, the obligation to inform WFS of particularly undue, unsafe conditions at the delivery site. The United States has breached these terms and therefore breached its contract with WFS in that it has failed to pay WFS under the Contract for WFS' losses in connection with the contracted delivery of fuel to United States and coalition forces, specifically, losses of equipment, in the principal amount of at least $391,167.

12. As a direct and proximate result of the foregoing breach of contract, WFS suffered damages for which the United States is liable in the full amount of WFS' claims.

**COUNT TWO (Negligence)**

13. WFS repeats and realleges the foregoing paragraphs, and brings this count in the alternative to Count One.

14. The United States owed WFS a duty of care, including to inform WFS that the terminal which should have been ready to receive WFS' fuel, was not ready to receive the fuel and that in fact, prompt delivery was impossible and undue danger to drivers for WFS and

equipment was likely. It was reasonably foreseeable that the United States' failure to warn WFS of these unsafe conditions, would cause WFS' loss complained of here. The United States breached its duty to WFS, and as a result, caused WFS the damages that WFS demands herein.

15. As a direct and proximate result of the foregoing negligence by the United States, WFS suffered damages for which the United States is liable in the full amount of WFS' claims.

## PRAYER FOR RELIEF

WHEREFORE, WFS respectfully requests that this Court:

A. Award WFS judgment in the amount of its losses in the amount of at least $391,167, plus prejudgment interest, attorney fees and costs; and

B. Award WFS judgment for all other relief that the Court deems just and proper.

H. Robert Showers
Simms Showers LLP
305 Harrison Street, S.E., Third Floor
Leesburg, Virginia USA 20175
(703) 771-4671
(703) 771-4681 (facsimile)

Counsel for Plaintiff

Dated: November 8, 2006.

OF COUNSEL:
J. Stephen Simms
Donna Davis Ebaugh
Simms Showers LLLP
20 S. Charles Street, Suite 702
Baltimore, Maryland 21201
(410) 783-5795
(410) 510-1789 (facsimile)

EXHIBIT

A

NOV-09-2005 08:17 DESC/SZD

DEFENSE LOGISTICS AGENCY
DEFENSE ENERGY SUPPORT CENTER
8725 JOHN J. KINGMAN ROAD, SUITE 4950
FORT BELVOIR, VIRGINIA 22060-6222

IN REPLY REFER TO

DESC-BPA

November 9, 2005

WORLD FUEL SERVICES (SINGAPORE), PTE., LTD
Attn: Carl Griffiths
9800 N.W. Street, Suite 400
Miami, Florida, Florida 33178

Dear Mr. Griffiths:

In response to your letter dated November 2, 2005, regarding the losses sustained during recent terrorist attacks in Afghanistan, DESC has reviewed the facts of the situation and can appreciate the losses sustained by your company as a result of these terrorist attacks.

The Risk of Loss clause states,

The Government acquires title to product under this contract at origin. Custody remains with the contractor until delivery at destination. The Contractor has the responsibility to deliver to the Government at destination all product entrusted in the contractor's custody at origin except for the loss of product caused by the hostile acts of third parties such as terrorist or insurgents. The contractor assumes all other risks.

In reference to the loss of fuel, the Risk of Loss clause will allow DESC to be held responsible for the loss of fuel due to the recent terrorist attacks in Kandahar, Afghanistan. DESC will compensate World Fuel Services (WFS) in the amount of $344,501.14 for the loss of fuel.

However, in accordance with the Risk of Loss clauses, WFS assumes the risk for loss for damaged trucks. Therefore, your claim of $391,167.00 for truck damage is denied. In addition, the fatalities incurred as a result of these attacks are a tragedy to everyone involved; however, based on the Risk of Loss clause, DESC is not contractually liable for death benefits to those losses by this appalling event. Therefore, your request for $3,000.00 per man loss is denied.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must within 90 days from the date your receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from

Federal Recycling Program Printed on Recycled Paper

whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contracts appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000.00 or less or its accelerated procedure for claims of $100,000.00 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision. Subject to the appeal time frames specified above, you may request that this dispute be resolved using alternative dispute resolution procedures.

DESC hopes to continue the great long-term business relationship that we have had over the years, and thanks you for your support in Afghanistan.

Sincerely,

Debra Simpson-Mayeux

DEBRA SIMPSON-MAYEUX
Overseas Contracting Officer
Bulk Fuels

TOTAL P.03