IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WORLD FUEL SERVICES SINGAPORE (PTE) Ltd., Plaintiff, | ) | Case No. 06-755C |
| v. | ) | (Judge Hodges) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT-MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

## ISSUES PRESENTED

1. Whether this Court possesses subject-matter jurisdiction to entertain an action arising under the Contract Disputes Act where plaintiff failed to submit a certified claim to the contracting officer.

2. Whether this Court possesses subject-matter jurisdiction over a negligence claim.

## STATEMENT OF THE CASE

This is an action for breach of contract and negligence, stemming from an alleged insurgent or terrorist attack in Kandahar, Afghanistan. Plaintiff World Fuel Services Singapore (PTE), Ltd. ("WFS"), a Singapore corporation, alleges that it entered a contract with the Defense Energy Support Center, a component of the Defense Logistics Agency ("DLA"), to provide fuel for coalition forces located in and around Kandahar. Compl. ¶ 3. As a result of the attack, WFS alleges that some of its subcontractors' employees were killed and that it or its subcontractors lost valuable trucks and fuel. Id. ¶ 5.

WFS's claim here arises from its allegation that the United States failed to communicate to WFS that its Kandahar base was unable to receive fuel during a particular period of time when the facility was undergoing construction. Id. ¶ 7. According to the complaint, this failure to

communicate led WFS to continue to send fuel to the base and, as a result, created a "conspicuous gathering of loaded trucks outside of the Kandahar facility." Id. The group of trucks was attacked by terrorists or insurgents, leading to loss of life, loss of fuel, and truck damage. Id.

In 2005, WFS submitted a claim to a contracting officer at the DLA. Id. ¶ 9. That claim, which is attached as an exhibit to this motion, was not certified. Nevertheless, the contracting officer granted WFS's request for compensation for the fuel, but denied its request for compensation for damage to WFS's trucks. Id. ¶ 9.

WFS then sued in this Court. WFS alleges that the government is liable for breaching "an implied [contractual] term that the United States was to provide suitable terminal facilities to timely receive the fuel" and the implied covenant of good faith and fair dealing. Id. ¶ 11. WFS also alleges that the United States is liable in tort for negligence. Id. ¶ 14. WFS seeks relief in the amount of $391,167, for damage to its subcontractors' trucks. Id. ¶ 11.

## ARGUMENT

### I. Standard Of Review

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "plaintiff can prove no set of facts which would entitle him to relief.'" Greenlee County, Arizona v. United States, 68 Fed. Cl. 482, 485 (2005) (quoting Leider v. United States, 301 F.3d 1290, 1295 (Fed. Cir. 2002); McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although the factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction, once challenged by the defendant, falls squarely upon the plaintiff. Greenlee County, 68 Fed. Cl. at 485; McCauley, 38 Fed. Cl. at 262-63; Rice v. United States, 31 Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table).

## II. This Court Lacks Subject-Matter Jurisdiction

It is axiomatic that this Court – like every other court – lacks jurisdiction to entertain a claim against the United States absent a waiver of sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984). Although the United States has consented to be sued in this Court for breach of contract, it has done so with respect to claims exceeding $100,000 only where the claim has been certified and presented to an agency's contracting officer. 41 U.S.C. § 605(c)(1) ( "For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor."). The claim presented to the contracting officer in this case was not certified. See Appendix. Consequently, this Court lacks subject-matter jurisdiction. See, e.g., Scan-Tech Security v. United States, 46 Fed. Cl. 326, 340 (2000) (dismissing uncertified claims for lack of jurisdiction and rejecting argument that complete lack of certification could be cured); Walsky Constr. Co. v. United States, 3 Cl. Ct. 615, 619 (1983).

This Court also lacks jurisdiction to hear WFS's negligence claim. The Tucker Act specifically excludes actions sounding in tort. 28 U.S.C. § 1491(a)(1) (limiting jurisdiction to claims "not sounding in tort"); Brown v. United States, 105 F.3d 621, 623 (Fed Cir. 1997) (recognizing this limitation). Accordingly, WFS's negligence count should also be dismissed.

## CONCLUSION

For the foregoing reasons, this case should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 616-8253
Fax (202) 307-0972

Attorneys for Defendant

Of Counsel:
Howard Kaufer
Defense Energy Support Center
Fort Belvoir, Virginia

January 8, 2007

CERTIFICATE OF FILING

I hereby certify that on January 8, 2007, a copy of foregoing "Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian T. Edmunds